IN THE SUPERIOR COURT
OF GUAM

THE PEOPLE OF GUAM,

v.

JORIM MONGAMI,

Defendant.

)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE No. CM 0588-12

**DECISION AND ORDER**
On Defendant's
Motion to Dismiss

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on March 8, 2013 on Defendant's Motion for Dismiss for Inappropriate Prosecution / De Minimis Infraction and for Civil Compromise. The People of Guam were represented by Assistant Attorney General Christine Santos Tenorio. The Defendant was represented by Assistant Public Defender Maria Fitzpatrick. Having reviewed the memorandum and papers presented, the court now issues the following decision DENYING the Defendant's Motion to Dismiss.

## FACTUAL HISTORY

The Defendant has been charged with one count each of misdemeanor *Assault* and *Family Violence* for actions arising out of an alleged altercation between the Defendant and his girlfriend. As with all crimes, the Defendant was charged based upon facts presented in a police reported submitted to the Attorney General's Office following the Defendant's arrest. Since the arrest, the alleged victim has expressed a desire to have the case dismissed. Based upon the victim's statements, the Defendant has filed a Motion to Dismiss arguing that the charges against the Defendant should be dropped because the parties have reached a civil compromise

pursuant to 8 GCA §80.90. The Defendant further argues that dismissal is warranted because his alleged conduct falls within the circumstances allowing for dismissal under Guam's *de minimis* prosecution statute. The People timely filed an opposition to the motion arguing that neither civil compromise nor dismissal pursuant to the *de minimis* statute is appropriate to the facts of the case. For the following reasons, the Court agrees with the People.

## DISCUSSION

The Defendant has filed a Motion to Dismiss based upon two, alternative grounds: (1) that the Defendant and the alleged victim have reached a civil compromise pursuant to 8 GCA §80.90, and (2) that the Defendant only pushed his girlfriend, making criminal prosecution inappropriate. Each argument will be evaluated in turn.

### I. *Civil Compromise is not Appropriate for Crimes involving* Family Violence

The Defendant argues that the criminal charges against him should be dismissed because he and the alleged victim have reached a civil compromise pursuant to 8 GCA §80.90. In *People v. Kinsella*, CM 1197-12, the Court held that it will not use its discretion to permit civil compromise in family violence cases because they do not present "circumstances such that through private settlement the public is fully vindicated." *People v. Moulton*, 182 Cal.Rptr. 761, 768 (1982). The interest of the People of Guam in seeing family violence cases prosecuted combined with the fact that other jurisdictions bar the application of civil compromise statutes to family and domestic violence cases supports this discretionary decision.

### II. *The Defendant's Alleged Actions are not* De Minimis

Guam's *de minimis* prosecution statute authorizes the court to dismiss charges against a Defendant where necessary to "prevent absurd applications." 9 G.C.A. §7.67 (2012). The statute lists three circumstances where the court shall dismiss a prosecution. The Defendant, without any

supporting evidence, argues that all three circumstances apply to him. The Defendant also relies on the Guam Supreme Court case of *People v. Perez* to argue that "the trial court must determine whether dismissal is warranted by considering the following factors; The circumstances surrounding the commission of the offense, the existence of contraband, the amount and value of property involved and the use of threat of violence and the use of weapons." Finally, the Defendant suggests that because "there was no contraband, there is no property involved of any value, and weapon was not used," the case should be dismissed.

The Guam Supreme Court made clear that a dismissal on *de minimis* grounds requires that the trial court to "make factual determinations with respect to the conduct charged." *People v. Perez*, 2004 Guam 4 (citing *See State v. Carmichael*, 53 P.3d 214, 218 (Haw.2002)). This requires analysis of "objective factors directly related to the defendant's conduct and, in particular, the consequences for the societal interests involved." *Id.* (citing *State v. Zarrilli*, 523 A.2d 284 (N.J.Super. Ct. Law Div.1987), *aff'd*, 532 A.2d 1131 (N.J.Super.Ct.App.Div.1987). The Court explains that "the protection to which society is entitled is provided by a dismissal *only* when the offense is truly 'trivial.'" Therefore, with the best interests of the public in mind, assessing a *de minimis* motion requires the court to answer this single question: "What is the risk of harm to which society is exposed by defendant's conduct?" *Id.*

In a motion to dismiss on *de minimis* grounds the court assumes that the factual allegations against the Defendant are true. This is required by law because ""[t]he motion does not provide a setting for a determination of guilt or innocence." *Id.* Assuming that the Defendant did in fact repeatedly push, then hit his girlfriend, his conduct meets the legal definitions of both *Assault* and *Family Violence*. The risk of harm to society that arises from acts of *Assault* and *Family*

*Violence* are significant and cannot be viewed as trivial absent evidence that the charges are excessive or unwarranted.

The facts of the current case are easily distinguishable from the facts in *Perez*. Perez was charged with *Improper Influence over a Notary* and *Official Misconduct*. In that case, the trial court's *de minimis* dismissal of the charges was upheld by the Supreme Court not because it was alleged that Perez did not commit the crimes in question, but because it was determined that Perez's actions could not have caused "the harm or evil which the statute protects." *Id*. Critically, even under the assumption that Perez did commit the crimes at issue, the Court found that it was the actions of a second defendant that defrauded the public. Here, the Defendant is alleged to have caused direct bodily injury to his girlfriend. Viewing these factual allegations as true, charges of *Assault* and *Family Violence* are appropriate as both statutes were enacted to protect victims from these crimes. The fact that the victim no longer seeks prosecution of the Defendant does not make the charges against the Defendant inaccurate nor does it render them trivial.

## CONCLUSION

Based on the foregoing, the court finds that the Defendant's alleged actions do not meet the standard for dismissal pursuant to Guam's *de minimis* prosecution statute. Accordingly, the court DENIES the Defendant's Motion to Dismiss for De Minimis Infraction / Inappropriate Prosecution. The Court also finds no basis for allowing civil compromise in family violence cases and DENIES the Motion to Dismiss for Civil Compromise. Trial setting is hereby set for _____May 15_____, 2013 at 9:00am.

SO ORDERED, this 3rd day of May 2013.

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

MAY 03 2013

Teresita S. Perez
Deputy Clerk, Superior Court of Guam